NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 7 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CIRILO LOPEZ-ORTEGA, | Nos. 17-72064 |
| Petitioner, | 19-71479 |
| v. | Agency No. A205-721-140 |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petitions for Review of Orders of the
Board of Immigration Appeals

Submitted August 5, 2020[**]

Before: SCHROEDER, HAWKINS, and LEE, Circuit Judges.

In these consolidated petitions for review, Cirilo Lopez-Ortega, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"), and the BIA's order denying his motion to reopen. We review

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We review for abuse of discretion the denial of a motion to reopen. *Toor v. Lynch*, 789 F.3d 1055, 1059 (9th Cir. 2015). We deny the petitions for review.

As to petition No. 17-72064, substantial evidence supports the agency's determination that Lopez-Ortega failed to establish he suffered harm that rises to the level of persecution. *See Wakkary v. Holder*, 558 F.3d 1049, 1059-60 (9th Cir. 2009). Substantial evidence also supports the agency's determination that Lopez-Ortega failed to establish the harm he fears in Mexico would be on account of a protected ground, including membership in a particular social group or a political opinion. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"); *Barrios v. Holder*, 581 F.3d 849, 856 (9th Cir. 2009) (rejecting political opinion claim where petitioner did not present sufficient evidence of political or ideological opposition to the gang's ideals or that the gang imputed a particular political belief to the petitioner). Thus, Lopez-Ortega's withholding of removal claim fails.

Substantial evidence supports the agency's denial of CAT relief because Lopez-Ortega failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See*

*Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

As to petition No. 19-71479, the BIA did not abuse its discretion in denying Lopez-Ortega's motion to reopen and terminate. *See Aguilar Fermin v. Barr*, 958 F.3d 887, 895 (9th Cir. 2020) (omission of certain information from notice to appear can be cured for jurisdictional purposes by later hearing notice).

**PETITIONS FOR REVIEW DENIED.**